acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  03-40079-JAR |
| | ) | 05-3141-JAR |
| JORGE VILLA-ORTEGA, | ) | |
| | ) | |
|     Defendant/Petitioner. | ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Jorge Villa-Ortega filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 21.)  In his motion, petitioner requests this Court to vacate his conviction because he was not informed of his right under the Vienna Convention on Consular Relations to seek assistance from the Mexican Consulate after his arrest.  Petitioner also argues that his sentence should be vacated in light of the Supreme Court's decision in *United States v. Booker*,[1] which struck down the mandatory nature of the United States Sentencing Guidelines as incompatible with the Sixth Amendment.  The Government did not respond to petitioner's motion.

### I.  Procedural Background and Procedural Bar

On October 14, 2003, petitioner entered into an unconditional plea agreement and pleaded

---

[1] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

1

guilty to one count of a two-count Indictment charging him with distribution of 100 kilograms or more

of a mixture or substance containing a detectable amount of marijuana.   Petitioner was sentenced to

sixty months in prison in a judgment entered on January 1, 2004.  That judgment became final ten days

later, on January 11, 2004.  Petitioner did not file a Notice of Appeal within the ten day period

following judgment.  To date, petitioner has not filed a direct appeal and is now time barred from doing

so.  Habeas motions under section 2255 are limited to within one year of the date the judgment

becomes final.[2]  The one year limitations period is treated as 365 calendar days.[3]  Thus, as of January

11, 2005, petitioner was time barred from filing a motion under section 2255.  Nevertheless, petitioner

filed this petition on March 23, 2005.   Petitioner has never requested an extension of time to file for

habeas relief.  Moreover, petitioner has not addressed why he failed to timely file his petition.

Therefore, the Court denies petitioner's request for habeas relief because he failed to file his petition

within the statute of limitations period.

Habeas motions under section 2255 are also limited to within one year of "the date on which

the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review."[4]  To the extent

petitioner attempts to rely on this subsection of 2255 to assert the timeliness of his petition, his argument

fails.  As shown in the analysis below, petitioner's claim that he was denied the right to assistance from

---

[2]28 U.S.C. § 2255(1).  Because petitioner filed his petition for habeas relief after the effective date of the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition.  *See
generally Lindh v. Murphy*, 521 U.S. 320 (1997).

[3]*See Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000); *U.S. v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)
(holding that the anniversary rule applies to the one year limitations period under the AEDPA).

[4]28 U.S.C. § 2255(3).

2

the Mexican Consulate fails because such a right is not yet recognized by the Supreme Court and has

not been made retroactively applicable to cases on collateral review.  Additionally, petitioner's

argument that his sentence is unconstitutional under *Booker* fails because *Booker* does not have

retroactive application to habeas proceedings.

## II.  Analysis

The Court will first address the claim of denial of assistance from the Mexican Consulate, then

address the applicability of the *Booker* decision to petitioner's case.  Under 28 U.S.C. § 2255, the

Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the

case conclusively show that the prisoner is entitled to no relief."[5]  The Court determines that the motion

and files of this case are conclusive in showing that this petitioner is not entitled to relief on either ground

asserted in his motion.

## A.      *Right to Assistance from the Mexican Consulate under the Vienna Convention*

Petitioner, a Mexican national, asks the Court to vacate his sentence, arguing that he was

denied assistance from the Mexican Consulate in violation of Article 36 of the Vienna Convention of

Consular Relations.  Article 36(1)(b) of the Vienna Convention states that the authorities of a "receiving

state" shall, without delay, inform any detained foreign national of his right to have the consular post of

the "sending state" notified of his detention.  Article 36(1)(c) gives consular officers the right to visit and

correspond with detained foreign nationals and to arrange legal representation.  The International Court

of Justice (I.C.J.) recently interpreted these provisions in a case that petitioner has attached to his

---

[5]*United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (citing *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255)).

habeas motion.[6]  In *Avena*, the Republic of Mexico alleged a violation of the Vienna Convention with regard to several of its citizens who are facing the death penalty in Texas.  The I.C.J. interpreted the Vienna Convention as granting individually enforceable rights, and held that the United States had violated those rights.  With respect to certain Mexican nationals, the I.C.J. found that the United States must "provide, by means of its own choosing, review and reconsideration of the convictions and sentences of the [affected] Mexican nationals" to determine whether the violations "caused actual prejudice," without allowing procedural default to bar such review.

The Supreme Court has not directly addressed this issue, but has stated in dicta that the Vienna Convention "arguably confers on an individual the right to consular assistance following arrest."[7]  Recently, the Supreme Court had the opportunity to interpret the Vienna Convention in light of the I.C.J. ruling when it granted review of *Medellin v. Dretke*.[8]  On May 23, 2005, the Supreme Court dismissed the writ of certiorari as improvidently granted and did not reach the merits of this issue.  Petitioner now asks this Court to grant habeas relief based on the I.C.J. ruling that petitioner has an enforceable right based on his denial of consular assistance.

### 1.  Waiver of Appeal and Collateral Attack

Because petitioner pleaded guilty and entered into an unconditional plea agreement, petitioner has arguably waived his ability to collaterally attack his sentence on this ground.  While the Tenth Circuit has yet to address whether a defendant's waiver precludes him from challenging a deprivation of

---

[6]*Case Concerning Avena and Other Mexican Nationals* (Mex. v. U.S.), 2004 I.C.J. No. 128 (Mar. 31, 2004).

[7]*Breard v. Greene*, 523 U.S. 371, 376 (1998) (per curiam).

[8] __ U.S. __, 125 S. Ct. 2088 (2005).

4

rights under a treaty,[9] other circuits have held that an unconditional guilty plea cures any pre-plea treaty

defects just as it cures any pre-plea constitutional defects.[10]  In this case, petitioner signed a plea

agreement which includes a waiver of appeal and collateral attack.  It states that petitioner "waives any

right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in

which it was determined in any collateral attack, including, but not limited to, a motion brought under

Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187

(10th Cir. 2001)]."[11]  Attached to the plea agreement is a Petition to Enter Plea, signed by the

petitioner, which attests that the plea was made freely and voluntarily.

At the plea hearing, petitioner stated on the record that he did not receive any "promises or

assurances" that would have induced him into signing the plea agreement, other than what was

contained in the agreement itself.  He assured the Court that the decision to plead guilty was made

voluntarily of his own free will.  In addition, petitioner stated on the record that he understood that the

plea agreement included a waiver of appeal from the sentence unless the Court departs upward from

the Guideline sentencing range.  Petitioner does not challenge the voluntariness of his plea.  Therefore,

---

[9]The Tenth Circuit has held, however, that a defendant who pleads guilty "'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,' and may only 'attack the voluntary and intelligent character of the guilty plea.'"  *United States v. Cruz - Orduna*, 99 Fed. Appx. 201, 203-04 (10th Cir. 2004) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

[10]*See United States v. Reyes-Platero*, 224 F.3d 1112, 1115 (9th Cir. 2000) ("assuming without deciding . . . that the [Vienna] Convention creates enforceable individual rights, any violation of those rights was cured by Reyes-Platero's guilty plea"); *see also United States v. Guzman-Landeros*, 207 F.3d 1034, 1035 (8th Cir. 2000) (concluding that the failure to advise Guzman-Landeros of his right to contact counsel "does not constitute a jurisdictional defect, and was therefore foreclosed by Guzman-Landeros's guilty plea").

[11]Petitioner cannot survive the waiver based on *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).  That case held that in order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea. *Id.* at 1183.  Petitioner has not asserted a claim of ineffective assistance of counsel necessary to survive the waiver.

even if the Court were to assume that the Vienna Convention creates enforceable individual rights, any violation of those rights was arguably cured by petitioner knowingly and voluntarily entering into an unconditional guilty plea.

### 2.  Enforceable Individual Right under the Vienna Convention

As the Tenth Circuit has stated, "[i]t remains an open question whether the Vienna Convention gives rise to any individually enforceable rights."[12]  While the Supreme Court has stated in dicta that the Vienna Convention "arguably confers on an individual the right to consular assistance following arrest,"[13] the Supreme Court has not resolved this issue.  Meanwhile, one circuit has held that the Vienna Convention confers individual rights[14]; other circuits have held that it does not[15]; and others, like the Tenth Circuit, have stated that it remains "unclear."[16]  Therefore, petitioner is not entitled to relief

---

[12]*United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001).

[13]*Breard v. Greene*, 523 U.S. 371, 376 (1998) (per curiam).

[14]*Jogi v. Voges*, 425 F.3d 367, 382 (7th Cir. 2005) ("[W]e conclude that even though many if not most parts of the Vienna Convention address only state-to-state matters, Article 36 confers individual rights on detained nationals.").

[15]*See e.g.*, *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001) ("The sum of Jimenez-Nava's arguments fails to lead to an ineluctable conclusion that Article 36 creates judicially enforceable rights of consultation between a detained foreign national and his consular office.  Thus, the presumption against such rights ought to be conclusive."); *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001) ("[W]e hold that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce."); *United States v. Li*, 206 F.3d 56, 61 (1st Cir. 2000) ("Article 36 of the Vienna Convention, and the complementary Article 35 of the Bilateral Convention, do not create–explicitly or otherwise–fundamental rights on par with the right to be free from unreasonable searches, the privilege against self-incrimination, or the right to counsel."); *Waldron v. United States*, 17 F.3d 511, 518 (2d Cir. 1993) ("[T]he privilege of communication with consular officials . . . is not [a] fundamental right derived from the Constitution or federal statutes.").

[16]*See, e.g.*, *Green v. Apker*, No. 05-2456, 2005 WL 2642119, at *2 n.3 (3d Cir. Oct. 17, 2005) ("We express no opinion on the merits of Green's claim based on the Vienna Convention.  We note only that it is unclear whether Green has any privately enforceable right or cognizable claim at all under the consular notification provisions of the Vienna Convention."); *Mendez v. Roe*, 88 Fed. Appx. 165, 167 (9th Cir. 2004) ("Because no clearly established federal law directs that Article 36's consular access provision institutes a judicially enforceable right, relief for a violation of the article may not be granted in a federal habeas corpus petition."); *see also United States v. Minjares-Alvarez*, 264

based on the denial of his right to consular assistance because such a right has not been recognized by the Supreme Court and has not been made retroactively applicable. As such, petitioner cannot rely on section 2255(3) to bring his habeas claim.

Even presuming the Vienna Convention does create individually enforceable rights recognized by the Supreme Court, the *Avena* decision requires petitioner to demonstrate that denial of such rights caused him prejudice.[17] In his motion, petitioner fails to allege that the denial of consular assistance prejudiced him in any manner. Petitioner merely states that the I.C.J.'s recent ruling interpreting Article 36 of the Vienna Convention is a ground for his habeas application. Therefore, for all of the reasons above, the Court cannot grant petitioner relief for a violation of Article 36 of the Vienna Convention of Consular Relations.

**B.     *Retroactivity of Booker***

Petitioner also argues that his sentence is unconstitutional, citing a January 12, 2005 decision by the Supreme Court holding that the United States Sentencing Guidelines ("Guidelines") are unconstitutional. The Court assumes that petitioner is referring to *United States v. Booker*.[18] In that case, the Court held that the mandatory nature of the Guidelines violates the Sixth Amendment following its decision in *Blakely v. Washington*.[19] In *Blakely*, the Supreme Court struck down

---

F.3d 980, 986 (10th Cir. 2001) (concluding that suppression is not an appropriate remedy for a violation of Article 36 of the Vienna Convention; therefore, the Court need not address whether the Vienna Convention creates individually enforceable rights). *Minjares-Alvarez* is the most recent Tenth Circuit opinion which addresses Article 36 of the Vienna Convention.

[17]*See also United States v. Chanthadara*, 230 F.3d 1237, 1256 (10th Cir. 2000).

[18]543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

[19]542 U.S. 296 (2004).

Washington state's sentencing scheme. *Blakely* represented an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[20]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[21] which is not necessarily the same as the maximum punishment possible under statute.[22] On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[23]  The Supreme Court resolved this issue in *United States v. Booker*.[24] In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[25] Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[26]

---

[20]530 U.S. 466, 490 (2000).

[21]*Blakely*, 124 U.S. at 2537 (emphasis in original).

[22]*Id.* at 2538.

[23]*See id.* at 2548-50 (O'Connor, J., dissenting).

[24]543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

[25]*Booker*, 125 S. Ct. at 745 (Stevens, J.).

[26]*Id.* at 756 (Breyer, J.).

Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[27]  The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[28]

Because this is a collateral attack on a final sentence, the Court must determine if the rule announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[29] the Supreme Court did not state whether its holding applied to cases on collateral review.  But the Tenth Circuit has recently held that *Booker* does not apply to cases on collateral review.[30]  Therefore, *Booker* does not retroactively apply to petitioner's case, as his conviction is now final and on collateral review.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 21) is **DENIED**.

IT IS SO ORDERED.

Dated this   9th   day of November 2005.


  S/ Julie A. Robinson

---

[27] *Id.* at 764.

[28] *Id.* at 765.

[29] *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[30] *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).  Other circuits have reached the same conclusion that *Booker* does not retroactively apply to cases on collateral review.  *See, e.g.*, *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 610 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005).

9

**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**